IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMBERLY GAUDREAU, as Administrator of the Estate of Cody Robertson, Deceased,<br><br>        Plaintiff,<br><br>v.<br><br>ILLINOIS CENTRAL RAILROAD COMPANY, an Illinois Corporation, ED BURRIS DISPOSAL SERVICE, an Illinois Limited Liability Company, BOWLBY FARMS LLC, an Illinois Limited Liability Company, and NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK,<br><br>        Defendants. | Case No. 19-CV-01278-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a motion to compel filed by Plaintiff Amberly Gaudreau directed toward Defendant National Railroad Passenger Corporation doing business as Amtrak (Doc. 112). Amtrak filed a timely response in opposition (Doc. 114).

In her motion related to requests for production, Gaudreau seeks to compel Amtrak to produce video footage from a locomotive crash on May 31, 2017 that occurred prior to the crash at the same railroad crossing that killed her decedent along with full and complete records regarding the previous crash (Doc. 112, p. 3). Gaudreau states that items responsive to these requests are discoverable because they will likely establish facts available to both Amtrak and Defendant Illinois

Central Railroad Company regarding prior incidents at this crossing evidencing a generally hazardous condition at the crossing or a particular danger posed by this crossing on approach in a westbound direction. Gaudreau claims that evidence of prior accidents is admissible either as proof of a particular danger posed by the crossing or as evidence of the generally hazardous nature of the crossing. In response, Amtrak questions the relevance of the requests for discovery purposes and states that Gaudreau already possesses sufficient information regarding the previous crash for the Court to determine admissibility at trial. Amtrak also asserts that any video of the incident would be cumulative and unfairly prejudicial. Last, Amtrak states that the records request is overbroad and that production may involve items protected by attorney-client privilege.

Federal Rule of Civil Procedure Rule 26(b)(1) permits a party to obtain discovery:

> regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1).

Some of the same issues here were discussed at the Court's motion to compel hearing with Illinois Central (Doc. 88). In that hearing, the Court broadly ordered Illinois Central to respond to Gaudreau's Supplemental Interrogatories and Requests for Production related to 49 other crossings with some time related parameters. The

previous crash at the same crossing so close in time has even greater relevance regarding notice of a dangerous condition and disregard for the dangerous condition. *See Kelsay v. Consolidated Rail Corp.,* 749 F.2d 437, 442-446 (7th Cir. 1984); *Gardner v. Southern Railway System,* 675 F.2d 949, 952 (7th Cir. 1982); *Churchill v. Norfolk & Western Railway Co.,* 383 N.E.2d 929, 935-36 (Ill. 1978); *Moore v. Bloomington, D. & C.R. Co.,* 128 N.E.2d 721, 722-23 (Ill. 1920). Therefore, the requests for production are relevant for the purposes of discovery.

Amtrak also does not expand on its other claims regarding sufficiency, cumulative evidence, unfairly prejudicial evidence, and attorney-client privilege. Because of the issues at stake, the value of the claims, and the importance of notice, a wide discovery net for Gaudreau is appropriate in this case. If duplicative production is specifically pointed out later, the Court might revisit the issue, but the parties should not need Court intervention to identify duplicative material and reduce the burden of discovery in a cooperative manner. Furthermore, in Illinois, attorney-client privilege is limited to situations in which the attorney is acting as a legal advisor. Business advice and claims investigation are not protected. Based on the Amtrak's response, attorney-client privilege does not apply to the records.

Consequently, the Motion to Compel (Doc. 112) is **GRANTED**. The previous Protective Order (Doc. 78) extends the video of the May 31, 2017 crash.

**IT IS SO ORDERED.**
**DATED: November 17, 2022**

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
**U.S. District Judge**