IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMBERLY GAUDREAU, as Administrator of the Estate of CODY ROBERTSON, Deceased, | |
| Plaintiff, | Case No. 19-CV-01278-SPM |
| v. | |
| NATIONAL RAILROAD PASSENGER CORPORATION, et al., | |
| Defendants. | |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Before the Court is Amberly Gaudreau's Motion for Summary Judgment on Defendant Illinois Central's Sixth Affirmative Defense (Doc. 124), Ed Burris Disposal Service, LLC's Motion for Summary Judgment (Doc. 128), National Railroad Passenger Corporation's Motion for Summary Judgment (Doc. 137), and Illinois Central Railroad Company's Motion for Summary Judgment (Doc. 139). For the reasons set forth below, Amberly Gaudreau's Motion for Summary Judgment on Defendant Illinois Central's Sixth Affirmative Defense (Doc. 124) is **GRANTED**; National Passenger Railroad Corporation's Motion for Summary Judgment (Doc. 137) is **GRANTED** in part and **DENIED** in part; and Ed Burris Disposal Service, LLC's Motion for Summary Judgment (Doc. 128) and Illinois Central Railroad Company's Motion for Summary Judgment (Doc. 139) are **DENIED**.

## BACKGROUND

Plaintiff Amberly Gaudreau, as administrator of the estate of Cody Robertson, filed this action in the State of Illinois Circuit Court of Williamson County. (Doc. 1-1). Gaudreau's original Complaint alleged 11 causes of action in total against Illinois Central Railroad Company ("Illinois Central"), Ed Burris Disposal Service, LLC ("Burris Disposal"), Bowlby Farms, LLC ("Bowlby"), and National Railroad Passenger Corporation ("Amtrak"). (*Id.*). On November 20, 2019, pursuant to 28 U.S.C. § 1446, the case was removed by National Railroad Passenger Corporation to this Court. (Doc. 1). On February 11, 2020, Gaudreau filed an Amended Complaint which once again alleged 11 causes of action against the same 4 Defendants. (Doc. 39). Both Complaints alleged that Defendants engaged in negligence and willful and wanton conduct leading to the wrongful death Cody Robertson when his vehicle was struck by a passenger train at a railroad crossing located near Helm Road in Jackson County, Illinois. (*Id.*; Doc. 1-1).

On February 1, 2023, Gaudreau filed a Motion for Summary Judgment on Defendant Illinois Central's Sixth Affirmative Defense (Doc. 124). Illinois central did not file a response.

On February 2, 2023, Burris Disposal filed a Motion for Summary Judgment (Doc. 128). On March 3, 2023, Gaudreau filed a Response in Opposition to the Motion (Doc. 133).

On March 17, 2023, both Amtrak and Illinois Central filed Motions for Summary Judgment (Docs. 137, 139). On May 8, 2023, Gaudreau filed a Response in

Opposition to Amtrak's Motion (Doc. 152) and a Response in Opposition to Illinois Central's Motion (Doc. 150).

Bowlby also filed a Motion for Summary Judgment (Doc. 136), but the Court has approved a settlement of all claims involving Bowlby. (Doc. 157).

## RELEVANT FACTS

Illinois Central owns and maintains the railroad crossing near Helm Road in Jackson County, Illinois, commonly known as DOT Crossing #295086B ("the crossing"). (Doc. 139, p. 2). The crossing was reported by Illinois Central to the Illinois Commerce Commission ("ICC") as a private crossing with public access. (*Id.* at 3; Doc. 124, p. 4). On November 1, 2017, the crossing was not marked with a private crossing sign, but a cross buck and yield sign were present. (Doc. 124, p. 5; Doc. 139, p. 4). The cross buck and yield sign present at the crossing were "inadvertently" installed pursuant to an agreement between Illinois Central and ICC to update warning signs at public crossings. (Doc. 124, p. 5; Doc. 139, p. 4).

A portion of property near the crossing, running parallel to the railroad tracks (namely Burris Road), was leased to Burris Disposal by Illinois Central. (Doc. 139, p. 2; Doc. 124, p. 3). To reach Burris Disposal's leased property and place of business one would have to cross the crossing. (*See* Doc. 128, p. 3, 5; Doc. 139, p. 4).

On November 1, 2017, Cody Robertson made a delivery to Burris Disposal. (Doc. 128, p.3; Doc. 139, p. 4). After that delivery, while leaving Burris Disposal, Robertson entered the crossing and was struck by Amtrak Passenger Train 391. (Doc. 139, p. 4). Robertson died from the collision and was pronounced dead on the scene.

(Doc. 128, p. 2; Doc. 139, p. 4).

## LEGAL STANDARD

Federal Rule of Civil Procedure 56 governs motions for summary judgment. "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012) (quoting FED. R. CIV. P. 56(a)). *Accord Archdiocese of Milwaukee v. Doe,* 743 F.3d 1101, 1105 (7th Cir. 2014). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-82 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Cmty. Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014).

## ANALYSIS

1. ***Amberly Gaudreau's Motion for Summary Judgment on Illinois Central's Sixth Affirmative Defense and Illinois Central's Motion for Summary Judgment***

Illinois Central contended that it did not owe Robertson a duty because the

crossing was a private crossing and thus Robertson was not owed a duty under *Pearce v. Illinois Cent. Gulf. R. Co.*, 89 Ill.App.3d 22, 30 (5th Dist. 1980). However, Plaintiff argues that *Pearce* is no longer good law following the Premises Liability Act's abolishment of a distinction between an invitee and a licensee. Further, Plaintiff argues that even if *Pearce* is still good law, it is distinct from this case in that *Pearce* analyzed the duty owed to a licensee whereas Robertson was an invitee.

The question of whether a duty exists is a question of law to be decided by a judge. *Reynolds v. Henderson & Lyman*, 903 F.3d 693, 697 (7th Cir. 2018). *Pearce* held that "a mere naked license to enter and pass over an estate will not create a duty or impose an obligation on the part of the owner to provide against the danger of the accident." 89 Ill.App.3d at 32 (noting that the license standard was the applicable common law standard of care at private crossings). Thus, the analysis of a private crossing in *Pearce* was abrogated by the Premises Liability Act insomuch as "[t]he distinction under the common law between invitees and licensees as to duty owed by an owner or occupier of any premises to such entrants is abolished." 720 ILCS 130/2. Thus, whether a licensee or invitee, in Illinois "the duty owed to such entrants is that of reasonable care under the circumstances." 740 ILCS 130/2.

Illinois Central, no doubt knowing that *Pearce* was abrogated, argued that alternatively no duty was owed to Robertson as a trespasser. However, this argument also fails. Where a plaintiff crosses a private railroad crossing to further the business of a leasee who is granted a license to utilize such crossing, the plaintiff is a licensee vis-à-vis the owner of the crossing. *Krefft v. Illinois Cent. R.R. Co.*, 2020 WL

11563945, at *3 (N.D. Ill. Sept. 16, 2020), *order vacated on other grounds*, 2020 WL 11563947 (N.D. Ill. Nov. 2, 2020). Therefore, when Robertson utilized the crossing in furtherance of Burris Disposal's business, he became a licensee vis-à-vis Illinois Central.

Next, Illinois Central argues that it did not owe Robertson a duty because the hazard of a moving train is open and obvious. However, the Seventh Circuit has recognized that where a jury could find that a particular crossing is a "dangerous crossing" the issue is for the jury to determine whether "the railroad could at a cost lower than the expected accident cost" have taken precautions to avoid the accident. *See Miller v. Illinois Cent. R. Co.*, 474 F.3d 951, 956 (7th Cir. 2007). Plaintiff has presented evidence that multiple collisions and near misses have occurred at the crossing. Thus, as in this case where a reasonable finder of fact could find that this crossing was particularly dangerous such question must be left to the jury.

Accordingly, "the duty owed" to a licensee such as in this case "is that of reasonable care under the circumstances." *See* 740 ILCS 130/2. "If the cost to the railroad of a precaution that would have averted the accident would have been less than the cost of an accident, if it occurred, discounted . . . by the probability . . . that it would occur, the railroad was negligent." *Miller*, 474 F.3d at 957.

### 2. *Ed Burris Disposal Service, LLC's Motion for Summary Judgment*

Burris Disposal argued that it did not owe a duty to Robertson because it did not have a special relationship with Robertson, nor did it own the property on which Robertson was killed. (Doc 128, p. 5-10). Plaintiff disputed such contention and

argued that Robertson was a business invitee and that under the circumstances the duty owed to Robertson extended beyond the physical boundaries of Burris Disposal's property. (Doc. 133, p. 7-14).

"The touchstone of . . . duty analysis is to ask whether a plaintiff and a defendant stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff." *Marshall v. Burger King Corp.*, 222 Ill.2d 422, 436 (2006). Where such a relationship exists, there is a duty of reasonable care under the circumstances. *See* 740 ILCS 130/2. Further, when a landowner "prescribes a means of ingress and egress for invitees, the owner has a duty to . . . give adequate warning of any latent or concealed perils of which the owner has knowledge and the invitee does not. *Mitchell v. Menard, Inc.*, 2012 WL 2062420, at *3 (N.D.Ill. June 7, 2012).

It is not disputed that Robertson was utilizing the crossing for the purpose of delivering truck parts to Burris Disposal. There is little question that delivering automotive parts to a company upon its request would be at least indirectly in furtherance of that company's business. Thus, Robertson stood in a special relationship with Burris Disposal and this Court must determine if the duty imposed by that special relationship extended beyond the physical boundaries of Burris Disposal's property.

The parties once again do not dispute that the only way to access Burris Road and thus Burris Disposal was by utilizing the crossing. By providing individuals with only one path to access Burris Disposal it had certainly prescribed the means of

ingress and egress to be used for its business. Accordingly, the duty of reasonable care extended beyond the physical boundaries of Burris Disposal's property. Where, as here, a defendant does not maintain ownership of the means of ingress and egress from its property, reasonable care would require adequate warning of latent or concealed perils which the defendant had knowledge of. *See Mitchell*, 2012 WL 2062420, at *3. Thus, a question of fact exists here as to whether Burris Disposal had knowledge of the concealed peril at this crossing and whether adequate warning was given. Plaintiff has alleged and provided evidence that multiple Burris Disposal employees had concerns about the safety of the crossing. (Doc. 133, p. 4-5). Whether this knowledge extended to the company is a disputed material fact best left to the jury.

### 3. *National Railroad Passenger Corporation's Motion for Summary Judgment*

The parties agree that the law imposes on everyone a duty of reasonable/ordinary care. (Doc. 137, p. 18; Doc. 152, p. 6-7). The law does not impose "a duty to anticipate and guard against the negligence of others." *Dunn v. Baltimore & Ohio R. Co.*, 127 Ill. 2d 350, 365, (1989). Amtrak argued that Plaintiff has failed to provide any evidence that Train 391 was traveling excessively fast, that a proper lookout was not maintained, or that adequate and audial and visual warnings were not given. Plaintiff concedes such issues. However, the Court is still obligated to ensure that the evidence submitted by Amtrak properly substantiates their assertions of entitlement to summary judgment. Here, the Court finds that the evidence submitted shows that no reasonable juror could find that Train 391 was

traveling excessively fast, that a proper lookout was not maintained, or that adequate audial and visual warnings were not given.

However, Amtrak has presented neither evidence nor argument that it did not breach its duty regarding the dangerous condition of the crossing. Plaintiff has pointed to evidence of previous accidents and near misses at the crossing which may have alerted Amtrak to the dangerousness of this crossing. (Doc. 152, p.3). Therefore, a reasonable jury could conclude that Amtrak was negligent if "the cost to the railroad of a precaution that would have averted the accident would have been less than the cost of an accident, if it occurred, discounted . . . by the probability . . . that it would occur, the railroad was negligent." *Miller*, 474 F.3d at 957.

## CONCLUSION

For the reasons set forth herein, Amberly Gaudreau's Motion for Summary Judgment on Defendant Illinois Central's Sixth Affirmative Defense (Doc. 124) is **GRANTED**; National Passenger Railroad Corporation's Motion for Summary Judgment (Doc. 137) is **GRANTED** in part and **DENIED** in part; and Ed Burris Disposal Service, LLC's Motion for Summary Judgment (Doc. 128) and Illinois Central Railroad Company's Motion for Summary Judgment (Doc. 139) are **DENIED**.

**IT IS SO ORDERED.**

DATED: August 22, 2023

*s/ Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge